IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEBRA COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | NO. 3:19-cv-216 |
| | ) | |
| | ) | |
| MONICA GRANDBERRY, | ) | |
| LATOYA CLEMONS, and | ) | |
| CITY OF EAST ST. LOUIS | ) | |
| | ) | |
| Defendants. | ) | |

<u>COMPLAINT</u>

NOW COMES, the Plaintiff, DEBRA COLE, by and through her attorneys, Brian L. Polinske and Polinske & Associates, P.C., and for her Complaint against the Defendants states and alleges as follows:

<u>INTRODUCTION</u>

This action is brought seeking redress for violations of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and for violations of Illinois common law. Specifically, Plaintiff is seeking damages that resulted for being wrongfully arrested by various police officers after East St. Louis city employees, Latoya Clemons and Monica Grandberry fabricated false allegations of criminal action by the Plaintiff. Furthermore, the Plaintiff alleges that Latoya Clemons and Monica Grandberry fabricated witness statements and physical evidence in collusion against the Plaintiff. The fabricated

statements and physical evidence were presented to various law enforcement agents in an attempt to procure criminal charges against the Plaintiff. On or about Friday, March 24, 2017 the Plaintiff was in fact charged with two felony charges, Obstruction of Justice and Forgery in St. Clair County Circuit Court (17CF0031901). She elected a jury trial. She was acquitted on both charges by the jury (October 23, 2018).

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Section 1983. Venus is proper pursuant to 28 U.S.C Section 1391(b), as all or some of the parties reside in the Southern District of Illinois and the events giving rise to the claims occurred in this District. The court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a), as the claims arise out of the dame nucleus of operative facts.

## THE PARTIES

2.      The Plaintiff Debra Cole, is a female citizen and police officer who at all times relevant resided in Belleville, St. Clair County, Illinois and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3.      Defendants Latoya Clemons and Monica Grandberry at the relevant times were employed by the City of East St. Louis, acting under color of state law, and within the scope of said employment. Defendants Latoya Clemons and Monica Grandberry are being sued in their individual capacity. Their principal place of

business address is City of East. St. Louis, 301 River Park Drive, East St. Louis, IL 62201.

4.     For all relevant times Defendant Latoya Clemons was an Administrative Assistant in the East St. Louis Police Department.

5.      For all relevant times Defendant Monica Grandberry was Human Resource/Payroll Administrator for the City of East St. Louis.

6.     Defendant City of East St. Louis is a Municipal corporation duly registered and authorized to conduct business within the State of Illinois.

<u>FACTS COMMON TO ALL COUNTS</u>

<u>OF THE COMPLAINT</u>

7.     In December 2016 the Plaintiff placed a work excuse note from a treating physician in a drop box in the City of East St. Louis. The excuse was retrieved by both Defendants Clemons and Grandberry.

8.     Defendants Clemons and Grandberry altered the note to make it appear as if the Plaintiff had altered the note. They presented the altered note to law enforcement, claiming it was a forged document and gave false statements to the police regarding the forged document.  Their actions made knowing misstatements upon which the prosecutor relied.

9.     Based upon the Defendants' complaints, the Plaintiff was charged with two felony offenses in St. Clair County, Illinois. The case number is 17CF349. She was required to turn herself into the custody of the St. Clair County Sheriff's Department. The Plaintiff was therefore seized pursuant to legal process.

10.    Plaintiff posted cash bail and was released from jail. She remained under bail conditions until her acquittal. She was compelled to appear in court and for trial as a bail condition.

11.    At no time did the Plaintiff act in any manner that could be interpreted by law enforcement officers or the Defendants to have constituted a criminal offense.

12.    Despite no probable cause existing to believe the Plaintiff had committed a criminal offense, she was charged and jailed.

13.    The Defendant underwent a jury trial. Which ended October 23, 2018 in her favor. She was acquitted.


COUNT 1- FOURTH AMENDMENT
VIOLATION (Malicious Prosecution)
42 U.S.C. Section 1983
Versus Defendant Grandberry

14.    Plaintiff realleges and incorporated paragraphs 1 through 13 as stated above.

15.    At all relevant times Plaintiff possessed a right under the Fourth Amendment to Constitution of the United States to be free from unreasonable searched and seizures.

16.    Defendant Grandberry's actions as stated above resulted in the commencement of a criminal judicial proceeding against her. As she was arrested and prosecuted without probable cause her Fourth Amendment right against unreasonable search and seizure was violated.

17.     The criminal action against the Plaintiff was terminated in her favor she was acquitted at jury trial.

18.     As stated above, there was no probable cause to believe the Plaintiff had committed the criminal act complained of by Defendant Grandberry (forgery, official misconduct).

19.     Defendant Grandberry bore malice towards the Plaintiff in take the above-stated actions against her. At the times Defendant Grandberry knew there was not a good-faith basis to believe Plaintiff had altered the doctor's excuse note. Further, Defendant Grandberry altered the note with intent to have criminal charges filed against the Plaintiff.

20.     The Plaintiff had suffered damages from Defendant Grandberry's actions. Specifically she has lost wages, been removed from her position as law enforcement officer, had her paychecks improperly docked while off on administrative leave by the Defendant, been forced to pay $7,500 in attorney's fees in her criminal defense attorney, been humiliated, suffered emotional distress, high blood pressure, suffered anxiety, and had her name defamed by the media stories surrounding the incident.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendant Grandberry, an award of compensatory and punitive damages in excess of $100,000 and for all other relief to which she my be entitled including attorney's fees pursuant to section 1988.

<u>COUNT II- STATE LAW CLAIM</u>
<u>INTENTIONAL INFLICTION</u>

OF EMOTIONAL DISTRESS
Versus Defendant Monica Grandberry

21.     Plaintiff realleges and incorporates paragraphs 1 through 20 as stated above.

22.     Defendant   Grandberry   fabricated   physical   evidence   and manufactured verbal statement evidence, which she provided to law enforcement officers against the Plaintiff.

23.     Defendant   Grandberry's   actions,   as   above   was   extreme   and outrageous  and  committed  with  the  intent  to  cause,  or  with  awareness  of  high probability that it would cause, the Plaintiff extreme emotional distress. She knew the Plaintiff would be placed on leave or lose her job, lose pay, become incarcerated, and sustain other costs such as a fee to hire a criminal defense attorney.

24.     At all times Defendant Grandberry intended that her conduct would inflict server emotional distress, or know that there is a least a high probability that her conduct would cause Plaintiff sever emotional distress.

25.     As a proximate result of the above0described conduct of Defendant Grandberry, the Plaintiff has suffered, and will  in the future continue to suffer, sever damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, the Plaintiff Debra Cole, demands judgment against the Defendant Monica Grandberry, for compensatory and punitive damages in a sum in excess of $100,000.

COUNT III- FOURTH AMENDMENT
VIOLATION( Malicious Prosecution)
42 U.S.C Section 1983
Versus Defendant Latoya Clemons

26.     Plaintiff realleges and incorporates paragraphs 1 through 13 as stated as above.

27.     At all relevant times Plaintiff possessed right under the Fourth Amendment to Constitution of the United States to be free from unreasonable searches and seizures.

28.     Defendant Clemons' actions as stated above resulted in the commencement of a criminal judicial proceeding against her. A she was arrested and prosecuted without probable cause her Fourth Amendment right against unreasonable search and seizure was violated.

29.     The criminal action against the Plaintiff was terminated in her favor as she was acquitted at jury trial.

30.     As stated above, there was no probable cause to believe the Plaintiff had committed the criminal act complained of by Defendant Clemons (forgery, official misconduct).

31.     Defendant Clemons bore malice towards the Plaintiff in talk the above-stated actions against her. At all times Defendant Clemons knew there was not a good-faith basis to believe Plaintiff had altered the doctor's excuse note. Further, Defendant Clemons altered the note with the intent to have criminal charges filed against the Plaintiff.

32.     The Plaintiff has suffered damages from Defendant Clemons' actions. Specifically she has lost wages, been removed from her position as a law enforcement officer, had her paychecks improperly docked while off on administrative leave by the Defendant, been for to pay $7,500 in attorney's fees to

her criminal defense attorney, been humiliated, suffered emotional distress, suffered anxiety, high blood pressure, suffered damage to her marital relationship, and had her name defamed by the media stories surrounding the incident.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendant Clemons, an award of compensatory and punitive damages in excess of $100,000 and for all other relief to which she my be entitled including attorney's fees pursuant to section 1988.

COUNT IV- STATE LAW CLAIM
INTENTIONAL INFLICTION
OF EMOTIONAL DISTRESS
Versus Defendant Latoya Clemons

33.    Plaintiff realleges and incorporated paragraph 1 through 13 as stated as above.

34.    Defendant Clemons fabricated physical evidence and manufactured verbal statement evidence which she provided to law enforcement officers against the Plaintiff.

35.    Defendant Clemons' actions, as described above, was extreme and outrageous and committed with the intent to cause, or with awareness of high probability that it would cause, the Plaintiff extreme emotional distress. She knew the Plaintiff would be placed on leave or lose her job, lose pay, become incarcerated and sustain other costs such as a fee to hire a criminal defenses attorney.

36.    At all times Defendant Clemons intended that her conduct would inflict sever emotional distress, or know that there is at least a high probability that her conduct would cause Plaintiff sever emotional distress.

37.     As a proximate result of the above-described conduct of Defendant Clemons, the Plaintiff has suffered and will in the future continue to suffer, sever damages, including extreme emotional distress and pecuniary injuries.

WHEREFORE, the Plaintiff, Debra Cole, demands judgment against the Defendant Latoya Clemons, for compensatory and punitive damaged in the sum in excess of $100,000.


<u>COUNT V- STATE LAW CLAIM</u>
<u>INDEMNIFICATION</u>

38.     Plaintiff realleges and incorporated paragraph 1 through 37 as stated above.

39. Pursuant to Section 9-102 of the Local Government and Government Employees Tort Immunity Act ("the Act"), a local public entity is directed to any tort judgment or settlement for compensatory damages for which it or an employee acting within the scope of his employment is liable. 745 ILCS 10/9-102.

40.     Defendants Monica Grandberry and Latoya Clemons at all relevant times were "employees" of the City of East St. Louis as defined by the Act. 745 ILCS 10/1-202.

41.     At all relevant times, Defendants Monica Grandberry an Latoya Clemons acted within the scope of their employment with the City of East St. Louis.

WHEREFORE, Plaintiff Debra Cole demands judgment against Defendants City of East of St. Louis, as indemnor, in the amount awarded to Plaintiff against any and all individual Defendant's as damages, attorney's fees, costs and interest, and/or for any settlement entered between Plaintiff and the Defendants.

Respectfully submitted,
Polinske & Associates, P.C.,


By: /s Brian L. Polinske
Brian L. Polinske


701 North Main Street
Edwardsville, IL 62025
618-692-6520
06211450