IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEBRA COLE,                              )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          Case No.   19-cv-216-RJD
                                         )
MONICA GRANDBERRY, LATOYA                )
CLEMONS, and CITY OF EAST ST. LOUIS,)
                                         )
          Defendants.                    )

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Debra Cole initiated this matter on February 19, 2019 alleging violations of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, and for violations of Illinois common law.   Plaintiff's allegations relate to her arrest and prosecution for charges on which she was later acquitted.

Now before the Court is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants (Doc. 33).   Plaintiff has filed a timely response (Doc. 35).   For the reasons set forth below, the motion is **DENIED**.

## Relevant Background

In her complaint, Plaintiff alleges Defendants Clemons and Grandberry, employees of the City of East St. Louis at all times relevant, altered a work excuse note Plaintiff had submitted from a treating physician, and that Clemons and Grandberry presented the altered note to law enforcement, claiming it was a forged document.   Plaintiff further alleges Clemons and Grandberry gave false statements to police regarding the forged note, and, based on their misstatements, Plaintiff was charged with two felony offenses in St. Clair County, Illinois.

Page **1** of **7**

Plaintiff turned herself into the custody of the St. Clair County Sheriff's Department, and subsequently posted bail. Plaintiff was acquitted after a jury trial in October 2018. In her complaint, Plaintiff sets forth the following claims:

Count I: Fourth Amendment violation (malicious prosecution) pursuant to 42 U.S.C. § 1983 against Defendant Grandberry.

Count II: State law claim of intentional infliction of emotional distress against Defendant Grandberry.

Count III: Fourth Amendment violation (malicious prosecution) pursuant to 42 U.S.C. § 1983 against Defendant Clemons.

Count IV: State law claim of intentional infliction of emotional distress against Defendant Clemons.

Count V: State law claim of indemnification as to the City of East St. Louis.

In their motion to dismiss, Defendants argue that Plaintiff fails to plead more than the possibility of relief in her complaint, and asserts the complaint merely sets forth conclusory allegations that fall short of stating a claim upon which relief can be granted. Plaintiff disagrees, and asserts she has plead more than the possibility of relief for each claim.

## Discussion

As a preliminary matter, the Court notes that Defendants' motion was filed after the time period for filing a Rule 12(b)(6) motion had passed[1]. However, the Seventh Circuit has held that "a 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 n. 1 (7th Cir. 2006) (citation omitted). A Rule 12(c) motion is timely so long as it is filed "[a]fter the pleadings are

---

[1] Under Federal Rule of Civil Procedure 12(b)(6), a motion asserting such a defense "must be made before a pleading if a responsive pleading is allowed." In this instance, Defendants filed their answer on April 3, 2019. A motion under Rule 12(b)(6) should have been filed prior to such filing.

closed — but early enough not to delay trial." FED. R. CIV. P. 12(c); *see also Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995) (Rule 12(c) motion timely even after dispositive motions deadline where it will not delay trial or interfere with Rule 16(b) requirements). Because consideration of Defendants' motion under Rule 12(c) will not delay trial in this matter, the motion to dismiss will be treated as a Rule 12(c) motion and evaluated under the same standard as a Rule 12(b)(6) motion.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). A plaintiff need not set out all relevant facts or recite the law in his or her complaint; however, the plaintiff must provide a short and plain statement that shows that he or she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, a complaint will not be dismissed if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## Counts I & III

In Count I and III, Plaintiff sets forth claims of malicious prosecution under 42 U.S.C. § 1983 against Defendants Grandberry and Clemons.

To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate that (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996) (citation omitted).

To state a malicious prosecution claim under Illinois law, Plaintiff must demonstrate that: (1) the defendants commenced or continued an original judicial proceeding against her; (2) the proceeding terminated in the plaintiff's favor; (3) the defendants lacked probable cause for the proceeding; (4) the defendants acted with malice; and (5) the plaintiff suffered damages as a result. *Hurlbert v. Charles*, 938 N.E.2d 507, 512 (Ill. 2010); *Grundhoefer v. Sorin*, 20 N.E. 3d 775, 780 (Ill. App. Ct. 2014).

Here, Defendants contend Plaintiff's complaint fails to satisfy the first, third, and fourth elements required under Illinois law.   In particular, with regard to the first element, Defendants assert Plaintiff fails to plead any facts that establish the commencement or continuance of an original judicial proceeding by them.   Defendants argue there is no allegation that they possess the legal capacity to prosecute, let alone bring a cause of action against Plaintiff.   Defendants further argue they did not make the decision to bring criminal charges of forgery and official misconduct against Plaintiff.   In response, Plaintiff asserts Defendants' actions resulted in the "commencement or continuation" of the criminal charges that were brought against her, relying on the "significant role" test consistently applied by Illinois courts.   *See Beaman v. Freesmeyer*, 131 N.E.3d 488 (Ill. 2019).   As referenced in *Beaman*, the "significant role" assessment "necessarily includes those persons whose participation in the criminal case was so active and positive to amount to advice and cooperation or those persons who improperly exerted pressure on the prosecutor, knowingly provided misinformation to him or her, concealed exculpatory evidence, or otherwise engaged in wrongful or bad-faith conduct instrumental in the initiation of the prosecution."   *Id.* at 500 (internal quotations and citations omitted).   Clearly, under this assessment, Plaintiff's allegations support a finding that Defendants' knowing provision of misinformation to law enforcement commenced or continued an original judicial proceeding

Page **4** of **7**

against Plaintiff.

Next, the Court considers Defendants' argument that once the grand jury found probable cause in Plaintiff's case, it extinguished "any doubt" that probable cause existed in her case. Defendants also state that Plaintiff has failed to challenge probable cause in her complaint.   In response, Plaintiff asserts that her complaint states that no probable cause for the charges existed because all of the evidence against her was fabricated by the two individual Defendants.   Plaintiff argues that if fabricated evidence was the only evidence relied on by the grand jury and prosecutors when obtaining an indictment, the indictment may not be supported by probable cause. The Court agrees.   Defendants' alleged fabrication of evidence and the grand jury's decision to indict Plaintiff on such fabricated evidence would undermine any finding that Defendants had an honest belief Plaintiff was guilty of the charged offenses.   *See Bianchi v. McQueen*, 58 N.E.3d 680, 698-99 (Ill. App. Ct. 2016) ("Prima facie probable cause is established by the return of the indictment by the grand jury but it is not conclusive evidence of probable cause.   It may be rebutted by other evidence such as proof that the indictment was obtained by false or fraudulent testimony before the grand jury, or by failing to make a full or complete statement of facts, or by other improper or fraudulent means.") (internal quotations and citations omitted).

Finally, Defendants argue Plaintiff has failed to offer evidence of malice, making only conclusory arguments against Defendants.   The Court finds the allegations in the complaint are sufficient to demonstrate Defendants allegedly acted with malice.

Defendants set forth no further specific arguments concerning Plaintiff's claims for malicious prosecution, and the Court finds Plaintiff has adequately pled such claims.   Defendants' motion to dismiss Counts I and III is therefore denied.

## Counts II & IV

In Counts II and IV, Plaintiff brings claims of intentional infliction of emotional distress against Defendants Grandberry and Clemons.   To state a claim for intentional infliction of emotional distress ("IIED") under Illinois common law, a plaintiff must show that: (1) the defendant's conduct was extreme and outrageous; (2) the defendant intended to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and (3) the defendants' conduct did cause severe emotional distress.   *Lifton v. Bd. of Educ. of City of Chi.*, 416 F.3d 571, 579 (7th Cir. 2005).   Defendants complain Plaintiff merely listed the elements of the cause of action with their names attached and provided inadequate factual grounds for relief.   Plaintiff argues the allegations in her complaint, that Defendants presented fabricated evidence to law enforcement who then brought felony charges against her, and resulted in the loss of her job, if proven, would establish "extreme and outrageous" conduct.   The Court agrees and finds the alleged conduct could be found to "go beyond all possible bounds of decency."   *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). Plaintiff also alleges she suffered an emotional injury, and the allegations in the complaint regarding the conduct of Grandberry and Clemons are sufficient to imbue this allegation with the requisite level of plausibility.   For these reasons, Defendants' motion to dismiss counts II and IV is denied.

## Count V

In Count V, Plaintiff brings an indemnification claim under state law against the City of East St. Louis pursuant to 745 ILCS 10/9-102.   Pursuant to 10/9-102, "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages … for which it or an employee while acting within the scope of his employment is liable in the manner

provided in this Article."   Defendants complain Plaintiff failed to plead with specificity any details that show they were acting within the scope of their employment during the alleged conduct.   Plaintiff asserts she has pled sufficient facts to establish Clemons and Grandberry were employees of the City of East St. Louis during the relevant time.   The Court agrees.   Plaintiff has pled sufficient facts to proceed on Count V and Defendants' motion to dismiss this count is denied.

### Conclusion

Based on the foregoing, Defendants' Motion to Dismiss (Doc. 33) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: June 16, 2020**

_s/_  *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**